```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

  JAY WINEGARD,

                    Plaintiff,

            -against-                        MEMORANDUM AND ORDER
                                             19-cv-4834(EK)(RLM)
  NEW MEDIA INVESTMENT GROUP, INC.,

                    Defendant.


----------------------------------------x
```
ERIC KOMITEE, United States District Judge:

Before the Court are Plaintiff's objections to Magistrate Judge Roanne L. Mann's recommendation that this case be dismissed with prejudice for failure to prosecute. Having conducted a *de novo* review of the record and applicable law, the Court adopts the R&R in its entirety.

Plaintiff Jay Winegard commenced this action on August 22, 2019, individually and on behalf of a class. In his initial complaint, he named "Tegna Inc., doing business as Tegna NY," as the defendant. He alleged that Tegna violated the Americans with Disabilities Act and certain New York State and City laws because the website it operated for the *Democrat and Chronicle* newspaper was not fully accessible by deaf and hard-of-hearing users.[1] *See* Complaint (ECF No. 1). After that initial filing,

---

[1] Plaintiff has filed similar actions against at least eleven other

1

Plaintiff failed to file proof of service or take any other action on the docket to prosecute his claims for the duration of the ninety-day period in which he was required to effectuate service under Fed. R. Civ. P. 4(m).

Judge Mann issued an Order to Show Cause on December 2, 2019 – 102 days after the complaint was filed – directing Plaintiff to show cause why the case should not be dismissed for lack of prosecution in light of the fact that the docket sheet revealed no further action since the complaint was filed. *See* Order to Show Cause (ECF No. 5). The Order to Show Cause included a warning that failure to comply would result in a recommendation that the case be dismissed. *See id.* In response, Plaintiff reported that he had served Tegna, despite failing to file proof of service,[2] but had later learned that he named the wrong defendant because of a change in the newspaper's ownership. *See* Response to Order to Show Cause (ECF. No. 6). He sought leave to amend his complaint to substitute as the defendant Gannett Co., Inc. *See id.*

---

defendants in this District in the last two years. *See Winegard v. Newsday LLC*, 19-cv-4420 (EK) (RER); *Winegard v. Conde Nast Entertainment LLC*, 19-cv-4917 (MKB) (JO); *Winegard v. The Walt Disney Company et al*, 19-cv-5293 (FB) (PK); *Winegard v. Christie's Inc.*, 20-cv-2122 (RRM) (JO); *Winegard v. Sotheby's Inc.*, 20-cv-2123 (EK) (CLP); *Winegard v. Johnson & Johnson et al*, 20-cv-2132 (EK) (JO); *Winegard v. W.W. Grainger, Inc.*, 20-cv-2191 (PKC) (RER); *Winegard v. Beaumont Etiquett, Llc*, 20-cv-3146 (RPK) (PK); *Winegard v. Miso Robotics, Inc.*, 20-c-3354 (RPK) (RML); *Winegard v. Genesis Digital, LLC*, 20-cv-3400 (NGG) (RER).

[2] Plaintiff filed no documentation to support his claim that he served the original complaint on Tegna.

Judge Mann granted Plaintiff's request for leave to amend, setting a deadline of December 13, 2019. *See* Order (Dec. 9, 2019). Plaintiff filed the Amended Complaint on December 10, 2019, but instead of naming Gannett he named the instant defendant, New Media Investment Group, Inc. *See* Amended Complaint (Compl.) (ECF No. 7). Tegna was dropped, but the factual allegations otherwise remain identical.

Judge Mann set a deadline of January 8, 2020 for Plaintiff to serve the new defendant and file proof of service. *See* Order (Dec. 12, 2019). Once again, Plaintiff failed to file proof of service by the court's deadline or seek an extension. Judge Mann then gave Plaintiff a further opportunity to file proof of service by January 14, 2020, warning that failure to do so (for a third time) would result in a recommendation that the case be dismissed with prejudice, given the "persistent delays" to that point. *See* Order (Jan. 10, 2020). When still no proof of service was filed – and no request for an extension was made – Judge Mann recommended that the case be dismissed for failure to prosecute based on Plaintiff's repeated failure to comply with court orders and demonstrated disinterest in pursuing his claims. *See* Report and Recommendation (R&R) (ECF No. 10).

Plaintiff filed timely objections to the R&R. *See* Objections (ECF. No. 12).

3

**I. Standard of Review**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error those findings and recommendations to which a party has not specifically objected. *See Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 101 (E.D.N.Y. 2015) (citing, *inter alia*, 28 U.S.C. § 636(b)(1)(C))). The Court reviews *de novo* those findings or recommendations as to which a party has specifically objected. *See id.* ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3).

**II. Plaintiff's Objections**

Plaintiff objects to the R&R's findings that he has not actively pursued this litigation and that dismissal is therefore warranted. Specifically, Plaintiff argues that after Judge Mann issued the Order to Show Cause on December 9, 2019, he pursued this litigation by filing the Amended Complaint, communicating with his process server, and ultimately (albeit belatedly) filing the Affidavit of Service. *See* Objections at 1-2. In support of his claim that he was in contact with the

process server, Plaintiff offers six emails between his counsel and the process server. *See id.* Ex. A-F.

Plaintiff reports that on January 24, 2020 – after all the deadlines discussed above had passed – the process server sent him the Affidavit attesting to service of the Amended Complaint on New Media Investment Group. *See* Objections at 2. Counsel filed the Affidavit that day. *Id.; see also* Affidavit of Service (ECF. No. 11). Plaintiff contends that his email communications, together with his eventual filing of the Affidavit of Service, demonstrate that he did not fail to prosecute his claims, notwithstanding his serial non-compliance with court deadlines. Plaintiff goes on to argue that the factors set forth in *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F. 3d 52 (2d Cir. 2000), discussed below, do not warrant dismissal.

In light of Plaintiff's objections, the Court reviews the R&R *de novo*. Though courts may review an R&R for clear error where, "rather than objecting to any factual or legal findings of the R&R, Plaintiff merely attempts to offer explanations and excuses for not complying with Court's orders," *Whyte v. Commonwealth Fin. Sys.*, No. 14-CV-7030, 2015 WL 7272195, at *2 (E.D.N.Y. Nov. 17, 2015), I conclude that *de novo* review is appropriate here. *See, e.g., Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 337752 (E.D.N.Y. Jan.

5

27, 2016) (reviewing R&R *de novo* in light of plaintiff's reappearance and new information provided in the objections); *Citak v. More Consulting Corp.*, No. 17-CV-6049, 2018 WL 5311411, at *1 (E.D.N.Y. Oct. 25, 2018) (reviewing R&R *de novo* even in the absence of objections "in an abundance of caution").

### III. Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). A court may act *sua sponte* to dismiss a case for failure to prosecute under Rule 41(b). *See Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). Courts in this circuit "have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Citak*, 2018 WL 5311411, at *2 (internal quotation marks omitted).

6

When determining whether to dismiss on this ground, courts consider the five factors set forth in *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F. 3d 52 (2d Cir. 2000): "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa*, 222 F.3d at 63. The decision to dismiss "is a matter committed to the discretion of the trial judge," *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993), and in general, "no one factor is dispositive." *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Here, Plaintiff points to his email communications with the process server as evidence that he did not fail to prosecute his claims. Plaintiff argues that his failure to comply with court orders was "de minimus" because there was no prejudice to the defendant in the litigation's early stages, before the new defendant had appeared. Plaintiff further argues that the litigation has not been a burden on the Court's docket and that there are alternative sanctions available other than dismissal. *See* Objections at 2.

7

However, Plaintiff took no action to prosecute his claims for over three months, violating the applicable Federal Rule of Civil Procedure and requiring Judge Mann to issue the Order to Show Cause.[3] Plaintiff then failed to file proof of service of the Amended Complaint by the court's January 8 deadline, and then again failed to file proof of service by the court's extended deadline, even after being warned that further non-compliance would result in a recommendation that the case be dismissed. Plaintiff never sought an extension, or otherwise communicated with the Court about any difficulties he was having with service, prior to missing any of these deadlines.

In vacating the district court's dismissal in *Baffa* for abuse of discretion, the Second Circuit found it significant that the defendants had "[b]y all measures" complied with the relevant district court order and "did not have notice that failure to do more than they did would result in dismissal."

---

[3] Fed. R. Civ. P. 4(l)(1) requires a plaintiff to file proof of service with the court unless service of process has been waived by the adverse party. Courts in this circuit have interpreted Fed. R. Civ. P. 4(m) to require that this proof of service be filed within the 90-day time period permitted to effectuate service. *See Prage v. Kavulich & Assocs., P.C.*, No. 16-CV-1627, 2016 WL 5900194, at *2 (E.D.N.Y. Oct. 7, 2016) (applying the 90-day service requirement in Rule 4(m) to proof of service); *Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 455 (E.D.N.Y. 2015) (observing that "district courts in this circuit have generally interpreted Rule 4(m) to require plaintiffs" to file proof of service within the time frame set forth in Rule 4(m)). Although failure to timely file proof of service may be a curable procedural defect, *see Prage*, 2016 WL 5900194, at *2 (citing *Leung v. New York Univ.*, No. 08-CV-05150, 2016 WL 1084141, at *8 n.8 (S.D.N.Y. Mar. 17, 2016)), and does not affect the validity of service, *see* Fed. R. Civ. P. 4(l)(3), it is nonetheless a violation of the Federal Rules.

222 F.3d at 63. Here, in contrast, Judge Mann gave Plaintiff clear notice of the possibility of dismissal.

While it is true that no defendant has appeared at this stage in the litigation, the Court finds the lack of prejudice to the defendant to be outweighed by the other factors described here. Counsel delayed in pursuing this litigation and failed to actively communicate with the Court. The total delay attributable to Plaintiff is 117 days,[4] substantially more than the 42-day delay in *Jefferson v. Webber*, No. 13-CV-5648, 2017 WL 728692 (E.D.N.Y. Feb. 24, 2017), *vacated and remanded by* 777 F. App'x 11 (2d Cir. 2019) (finding 42 days was "insufficiently extreme" where – unlike here – a *pro se* plaintiff was involved). When it became clear to Plaintiff that he would not be able to meet the Court's deadlines to file proof of service, "the appropriate response would have been to write to the Court and explain the situation, rather than to simply ignore Court orders

---

[4] This includes 102 days from the date the original complaint was filed until the date of Judge Mann's Order to Show Cause why the case should not be dismissed for failure to prosecute. It includes another 15 days from the date of the first court-ordered deadline to file proof of service of the amended complaint until the date of Judge Mann's R&R recommending dismissal. Although Plaintiff had 90 days after filing the original complaint to serve the defendant under the Federal Rules, these 90 days are included in the delay attributable to Plaintiff because, as discussed above, he failed to file proof of service, seek an extension of time, request leave to file an amended complaint, or take any other action in that time to prosecute the case. *See, e.g., Marrero v. City of New York*, No. 18-cv-12405, 2020 WL 4349922, at *1 (S.D.N.Y. July 29, 2020) (attributing a ten-month delay to plaintiff for failure to prosecute his case, beginning on the date when the complaint was filed). Regardless of whether the delay is calculated as 117 days or 27 days, Plaintiff's counsel's repeated failure to comply with court orders still merits dismissal.

9

and wait until dismissal was recommended before taking any action." *Whyte*, 2015 WL 7272195, at *2. The belated explanation contained in Plaintiff's objections does not excuse his earlier non-compliance. *See id.* (adopting R&R over plaintiff's objections where plaintiff merely attempted to offer excuses for non-compliance); *Poole v. Nassau Cty.*, No. 15-CV-2762, 2017 WL 6048617 (E.D.N.Y. Dec. 5, 2017) (adopting R&R over plaintiff's objections where they did "not excuse those blatant failures to comply with Court orders, and his failure to prosecute his cases in the most basic ways").[5]

The Court's interest in efficient case management outweighs a plaintiff's opportunity to be heard where the plaintiff repeatedly fails to pursue his or her claims and fails to comply with court orders. *See, e.g.*, *Paige v. Lacoste*, No. 10-CV-3356, 2014 WL 4804866, at *11 (E.D.N.Y. Sept. 26, 2014) ("The Court's interest in managing its docket greatly outweighs Plaintiff's interest in being heard as evinced by his noncompliance with numerous Court Orders and obligations."); *Antonio v. Beckford*, No. 05-CV-2225, 2006 WL 2819598, at *4

---

[5] In contrast, plaintiff's objections overcame an R&R recommending dismissal in *Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 337752 (E.D.N.Y. Jan. 27, 2016), where the objections revealed that the parties had settled the matter and requested the court's review and approval of the settlement agreement. *Id.* at *1. Under these circumstances, the Court declined to adopt the R&R because, while "this [did] not excuse [plaintiff's] failure to update the Court on the status of his case, this failure [was] not sufficiently extreme to justify sua sponte dismissal." *Id.* at *2.

10

(S.D.N.Y. Sept. 29, 2006) (finding that "it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket" since plaintiff had made no effort to comply with court orders or prosecute the case).

Additionally, there is no indication that a lesser sanction, such as a fine, would be effective given Plaintiff's failure to respond to the court order warning him that further non-compliance could result in dismissal. *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (affirming dismissal where it was "unclear" that a lesser sanction would be effective in light of plaintiff's failure to respond to notice threatening dismissal). In fact, this was the second time in this case that Plaintiff was warned about the possibility of dismissal, after first receiving such a warning in Judge Mann's Order to Show Cause. And, as described in the margin, Plaintiff's counsel has been subject to numerous warnings and sanctions in other cases in this district.[6] This

---

[6] Plaintiff's counsel has been subject to warnings and sanctions by judges in this district on a significant number of occasions. *See, e.g.*, *Perez Bautista et al v. Luna Rossa Bake Shop, LLC et al*, 1:16-cv-01746, Orders dated 9/26/2017 and 11/09/2019 (twice ordering counsel to pay costs and fees to adverse party for non-appearances and warning of additional sanctions in the event of further non-compliance); *Flint v. Atlantic Networks, LLC et al*, 1:18-cv-05534, Order dated 1/24/2020 (ordering counsel to pay one hour of attorney's fees to adverse party for non-appearance at conference) *vacated by id.*, Order dated 1/27/2020; *Chavez v. Feather Factory Hotel Inc.*, 1:20-cv-00804, Order dated 5/27/2020 (warning that counsel missed a court deadline to serve motion for default judgment and that failure to

11

history is surely relevant to the assessment of whether a lesser sanction would suffice.

Finally, this is not a case involving a *pro se* litigant, where the court "should be especially hesitant to dismiss for procedural deficiencies." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (citing *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996)).

In light of the above, the failure of Plaintiff's counsel to communicate with the Court, in combination with the facts that he missed three deadlines and received notice that the case could be dismissed in the event of further delay, warrants dismissal. *See, e.g.*, *Citak*, 2018 WL 5311411, at *2 (dismissing case for failure to prosecute where plaintiff had "failed to communicate with the court in any way, despite the Court's warning to plaintiff that failure to update his address or communicate with the Court may result in dismissal of this case"); *Payne v. Golden First Mortg. Corp.*, 2013 WL 3863912, at *3 (E.D.N.Y. July 24, 2013) (adopting recommendation of dismissal for failure to prosecute where the court warned

---

comply could result in motion being denied); *Suris v. Cbs Interactive Inc.*, 1:19-cv-01772, Order dated 8/13/2019 (warning that counsel failed to timely respond to pre-motion letter and that failure to respond could result in dismissal for failure to prosecute); *Singletary v. Melouta Corp. et al*, 1:18-cv-02376, Order dated 8/5/2019 (ordering counsel to show cause why he failed to comply with court order); *Pena et al v. 9019 LLC et al*, 1:18-cv-03713, Order dated 11/21/2018 (warning that counsel failed to timely respond to motion and would have one final opportunity to do so); *Olsen v. Schott NYC Corp.*, 1:18-cv-02952, Order dated 10/18/2018 (noting that parties had failed to meet court deadline).

12

plaintiffs after they failed to appear for a conference "that further inaction would warrant dismissal of this case").

Having conducted a review of the record and the applicable law, and having reviewed the R&R *de novo* in light of Plaintiff's objections, the Court adopts the R&R in its entirety. For the reasons stated above, the Court dismisses the Amended Complaint with prejudice for failure to prosecute under Rule 41(b). The Clerk of Court is directed to enter judgment accordingly and close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: Brooklyn, New York
       August 25, 2020